IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN CORN GROWERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-100 SLR |
| MONSANTO COMPANY, | ) ) ) | |
| Defendant. | ) | |

AFFIDAVIT OF ROGER C. BOLIN, ESQ.
IN SUPPORT OF PLAINTIFF'S ANSWERING BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

> Jeffrey S. Goddess (Del. Bar No. 630)
> Rosenthal, Monhait & Goddess, P.A.
> 919 Market Street, Suite 1401
> P. O. Box 1070
> Wilmington, DE 19899-1070
> (302) 656-4433
> jgoddess@rmgglaw.com

April 9, 2007

Additional Plaintiff's Counsel

| | |
|---|---|
| GARWIN GERSTEIN & FISHER, LLP<br>Bruce E. Gerstein<br>Noah H. Silverman<br>Joseph Opper<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>Tel: (212) 398-0055<br>Fax: (212) 764-6620 | KOZYAK TROPIN & THROCKMORTON, P.A.<br>Adam Moskowitz<br>T. Tucker Ronzetti<br>David M. Buckner<br>2525 Ponce de Leon, 9th Floor<br>Miami, FL 33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508 |
| ODOM & DES ROCHES, LLP<br>Stuart E. Des Roches<br>650 Poydras Street<br>Suite 2020<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078 | PERCY, SMITH & FOOTE, LLP<br>David P. Smith<br>W. Ross Foote<br>720 Murray Street<br>P.O. Box 1632<br>Alexandria, LA 71309<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741 |
| BERGER & MONTAGUE, P.C.<br>Daniel Berger<br>Eric Cramer<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>Fax: (215) 875-4604 | Michael Miller<br>Law Office of Michael Miller<br>926 Chulie Drive<br>San Antonio, TX 78216<br>Tel: 210-225-6666<br>Fax: 210-225-2300 |
| Lance A. Harke, Esq.<br>HARKE & CLASBY, LLP<br>155 S. Miami Avenue, Suite 600<br>Miami, FL 33130<br>Tel: 305-536-8220<br>Fax: 305-536-8229 | Roger C. Bolin, Esq.<br>BOYLE & BOLIN ATTORNEYS AT LAW<br>227 E. Court St.<br>Hennepin, IL 61327<br>Tel: 815-925-7393<br>Fax: 815-925-7561 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN CORN GROWERS ASSOCIATION, | : : : : | C. A. No. 07-100-SLR |
| Plaintiff | : : | |
| v. | : : | |
| MONSANTO COMPANY, | : : | |
| Defendant. | : : | |

**AFFIDAVIT OF ROGER C. BOLIN, ESQ., IN SUPPORT OF THE AMERICAN CORN GROWERS ASSOCIATION'S BRIEF IN OPPOSITION TO MONSANTO'S MOTION TO DISMISS**

STATE OF ILLINOIS  )
                   ) SS.:
COUNTY OF PUTNAM )

BEFORE ME, the undersigned officer authorized to administer oaths, personally appeared Roger C. Bolin, Esq., who being duly sworn deposes and says:

1. I am a partner at the law firm of Boyle & Bolin, Attorneys at Law, in Hennepin, Illinois.

2. I am the outside counsel to the American Corn Growers Association (the "ACGA").

3. I am familiar with the ACGA's by-laws and operating procedures. A true and correct copy of the ACGA's by-laws is attached. *See* Ex. 1, ACGA By-Laws.

4. I attended the meeting of the ACGA's Board of Directors on January 21, 2007, and the meetings by teleconference on January 27, 2007, February 1, 2007, and February 6, 2007. These

-1-

meetings were properly noticed and conducted in accord with the relevant by-laws. *See id.*, at Article 7.

5.   During these meetings, the Board of Directors considered the bringing of the above-captioned lawsuit against Monsanto.

6.   After consideration of the merits of the action, the Board of Directors voted unanimously to authorize the ACGA's participation in the above-captioned lawsuit against Monsanto. This authority was given in accord with the relevant procedures and by-laws. *See id.*, at Article 9, § 1.

I declare under penalty of perjury that I have read the foregoing, and it is true and correct and consists of matters within my personal knowledge.

_____
Roger C. Bolin, Esq.

Executed on April 7, 2007

SWORN TO AND SUBSCRIBED before me this 7th day of April, 2007, by Roger C. Bolin, Esq., who personally appeared before me and is personally known to me / produced identification consisting of _____.

OFFICIAL SEAL
MARIE S MILLER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/11/08

_____
Notary Public, State of Illinois
Print Name:
Commission No:
My Commission Expires:

275136v1

# EXHIBIT 1

BY-LAWS

AMERICAN CORN GROWERS ASSOCIATION

ARTICLE I

PURPOSE

The Objectives and purposes for which this corporation is formed are as follows:

A) To associate the corn grower of the United States for the purposes of mutual advantage and cooperation.

B) To promote and protect the interest of corn growers in the United States.

C) To foster improvements of the conditions under which corn is produced and sold.

D) To encourage agricultural and horticultural corn associations.

E) To encourage standardization and improvements in the quality of corn and silage in the United States.

F) To encourage with and support other organizations in the corn industry and other general agricultural organizations whose purposes are consistent with the purposes of this Association.

G) To cooperate with all departments and agencies of the states in which corn is grown and the United States government in connection with such departments' and agencies' responsibilities relating to corn or corn silage and their products or by-products.

H) To examine and study policies concerning the growing of corn and silage, and marketing thereof, in an effort to influence the formalization of such policies and in connection therewith to advise members of this Association and other corn producers as to the probable effect of any policies concerning the growing, producing, and marketing of corn and corn silage, to do any and all things that may seem reasonable and appropriate for improving the conditions under which corn and corn silage and their by-products are produced and sold and generally for promoting the welfare and protecting the interest of corn grown in the United States, provided, however, this Association will not engage in the business of buying or selling corn or its by-products.

I) To issue such publications as may be necessary to disseminate information of value to its members, the public and the government.

J) To operate without profit and no part of the income of this Association shall inure to the benefit of any individual member.

K) To engage in any lawful act or activity for which corporation's may be organized under the District of Columbia Non-profit Corporation Act.

## ARTICLE II

### LOCATION OF PRINCIPAL OFFICE

The Principal office of the American Corn Growers Association shall be located in Washington, District of Columbia. The Association may establish and maintain other offices at such place as may from time to time be designated by the Board of Directors.

## ARTICLE III

### SEAL

The corporate seal shall be of such design as the Board of Directors may adopt.

## ARTICLE IV

### MEMBERSHIP

Section One: CLASSES OF MEMBERS

The Association shall have the following classes of members. The designation of such classes and the qualifications of the members of such classes shall be as follows:

   A. CORN PRODUCER MEMBER. Any individual who plants or produces corn in the United States of Fifty (50) acres or more whether as tenant, landowner or landlord. Any individual who subscribes to membership during the first year of the Association shall be entitles to a "Charter membership."

   B. ASSOCIATE MEMBER. Any individual, firm, partnership or corporation interested in corn.

   C. NATIONAL SUSTAINING MEMBER. Any individual, firm, partnership or corporation, either as a producer of corn or interested in corn, who contributes an amount designated by the board, shall be designated as a National Sustaining Member.

   D. LIFETIME MEMBERSHIP. Any individual, firm, partnership or corporation, either as a producer of corn or interested in corn, who contributes One Thousand Dollars ($1,000.00) in addition to the dues for a corn producer or associate membership, shall be designated as a National Lifetime Member.

   E. SUPPORTING MEMBER. Any individual, firm, partnership or corporation, either as a producer of corn or interested in corn, who contributes any money, service, time, emotional support, or membership within other cooperating associations, shall be designated as a National Supporting Member.

Section Two: ACCEPTANCE OF MEMBERS

A. Applicants for membership may submit an application for membership.
B. Upon approval by the membership committee, established by the Board of Directors, and upon the payment of dues and/or initiation fees, if so desired and that may be

established from time to time by the Board of Directors, the applicant shall become a corn producer member, associate member or supporting member according to the applicant's qualifications.

Section Three: VOTING RIGHTS

Only Corn Producer Members shall be entitled to one vote on each matter submitted to a vote of the members.

Section Four: TERMINATION OF MEMBERSHIP

A. The Board of Directors may suspend, expel from this Association, or revoke the membership of any member.
B. The membership of any member who shall be in default in payment of dues for the period fixed in these By-laws shall be terminated upon expiration of said period.
C. Membership in this Association is not transferable or assignable.

Section Five: MEMBERSHIP CERTIFICATE

When an applicant has been approved for membership and has paid an initiation fees and dues that may then be required, such member shall be entitled to a certificate of membership.

## ARTICLE V

### AFFILIATED ASSOCIATION AND CHAPTERS

Section One: AFFILIATED LOCAL OR STATE ASSOCIATIONS

A. Any organized group of persons interested in the production of corn residing in the United States and who are in sympathy with the objectives of this Association, may be accepted as an affiliated local or state association by the Board of Directors if the requested jurisdiction is approved by the Board of Directors and it submits to this Association a formal application for charter signed by its President and Secretary and approved by its Board of Directors, certifying:
   (i) That the jurisdiction requested does not conflict with any jurisdiction of any existing affiliate or state association;
   (ii) That all individual members of the group and the representatives of each firm or corporate member of the group, are members of or have applied for membership in this association in the classes for which they qualify under these By-laws;
   (iii) That its Articles of Incorporation and By-laws will not conflict with the Articles of Incorporation and By-laws of this National Association;
   (iv) That all members of the group agree to abide by the Articles of Incorporation, By-laws, and policies of this Association, as amended from time to time.
B. The application shall be accompanied by a copy of the proposed Articles of

Incorporation and By-laws of the applicant association, a list of the names, addresses, and membership classification of the group's entire membership, and payment of national dues as may be required.

C. The affiliate association agrees to submit all policy statements and press releases to ACGA Board of Directors each year.

D. The name to be used by the applicant shall be approved by the Board of Directors of this Association.

E. Upon approval of its application by the Board of Directors of the Association, a charter shall be issued to an applicant local or state association declaring its affiliation.

F. The Board of Directors may revoke the charter of an affiliated association, if it:

    (i) No longer meets the requirements for affiliation with this Association.

    (ii) Is no longer representative of corn producers for the jurisdiction for which it is chartered.

    (iii) Is found to be in violation of the By-laws of this Association.

## ARTICLE VI

## DUES

### Section One: ANNUAL DUES

The annual dues payable to the association for a member of each class shall be determined by the Board of Directors.

### Section Two: DEFAULT AND TERMINATION OF MEMBERSHIP

When any member of any class shall be in default in the payment of dues for a period of two months, his or her membership shall thereupon be terminated.

## ARTICLE VII

## BOARD OF DIRECTORS

### Section One: GENERAL POWERS

The property, affairs, policies, concerns and direction of the Association shall be managed by the Board of Directors.

### Section Two: NUMBER

The number of Directors shall be not less than five (5) and not more than fifty (50). The maximum number of directors from any one state is limited to four (4).

### Section Three: QUALIFICATIONS

Only Corn Producer Members of the Association may serve as Directors.

Section Four: MANNER OF APPOINTMENT OR ELECTION

A. The first Board of Directors shall be appointed by the initial Board of Directors, named in the Articles of Incorporation, at the first annual meeting.

B. After the expiration of the terms of the Directors appointed by the initial Board of Directors, the Directors shall be nominated and conditionally elected by the current Board with final approval by the membership at the annual convention. In addition, nominees can be submitted from the floor.

C. Candidates from the Board must attend a Board meeting in advance of his or her nomination.

In addition, any state chapter of the ACGA may nominate a representative to serve on the Board. That representative need not attend a meeting in advance nor must that nominee be approved by the membership at the convention. He or she must, however, be approved by a simple majority of the Board of Directors of the ACGA.

Section Five: TERM

All Directors shall be appointed or elected for a period of four years.

Section Six: CHAIRMAN

A Chairman shall be elected by a majority of the Board of Directors. The Chairman must be a Director with a term of office of four years. The elected Chairman shall hold such a position during the term of his/her office as Director.

Section Seven: RESIGNATION, REMOVAL AND VACANCIES

Any Director may resign by giving written notice to the Board or the Chairman. The Board, may, by 2/3 vote, remove any Director, with or without cause. Any vacancy on the Board of Directors resulting from resignation, removal, death, refusal to serve or termination of membership shall be filled by the Board of Directors, by a majority vote. A successor Director so appointed by the Board shall serve out the term of office of the vacant Directorship.

Section Eight: MEETINGS

The Board shall meet as such time and place as may be fixed by the Chairman or by resolution of the Board. In addition, a regular meeting of the Board shall be at a time set by the Chairman. The Chairman of the Board may designate any site as the place of the

meeting for any meeting.

Section Nine: NOTICE

Notice of any meeting of the Board shall be given at least five days prior thereto by written notice delivered personally or sent by mail or telegram to each Director at his/her address as shown in the records of the Association. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail in a sealed envelope so addressed, with postage thereon prepaid. If notice be given by telegram, such notice shall be deemed to be delivered when the telegram is delivered to the telegram company. Any Director may waive notice of meeting. The attendance of a Director at any meeting shall constitute a waiver of notice of such meeting, except where a Director attends the meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board need be specified in the notice or waiver of notice of such meeting, unless specifically required by law or these By-laws.

Section Ten: QUORUM

A majority of the Board shall constitute a quorum for the transaction of business at any meeting of the Board; but if less than a majority of the Directors are present, those Directors available by telephone, teleconference or other acceptable communication method shall be deemed present in order to satisfy the minimum number of Directors required for a majority. If less than a majority of Directors are present, including those deemed present, at said meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

Section Eleven: MANNER OF ACTING

The act of a majority of the Directors present, or deemed present, at a meeting at which a quorum is present shall be the act of the Board, unless the act of a greater number is required by law or these By-laws. Each Director shall be entitled to one vote, which must be cast in person and not by proxy.

Section Twelve: ACTION BY WRITTEN CONSENT

Any action required by law to be taken at a meeting of Directors or any action which may be taken at a meeting of Directors, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by 2/3 of the Directors.

Section Thirteen: COMMITTEES

The Board may appoint, from among its members, committees composed of two or more Directors, and may delegate to such committees, in the intervals between Board meetings, any or all the powers of the Board. Committees shall report to the Board at its meetings.

The Board may appoint other special committees composed of at least one Director and other members of the Association. Such committees shall never have nor exercise any authority of the Board. The Board shall assign to any such committees only such advisory responsibilities as it deems appropriate. The special committees shall report to the Board concerning its duties, and the Board may take such action based thereon, if any, as it deems appropriate. The Board shall appoint a nominating committee composed of three Directors and such other members of the Association, if and as the Board deems appropriate.

Section Fourteen: CHAIRMAN

The Chairman of the Board shall preside at all meetings of the Board and have such other duties and powers as the Directors, from time, may prescribe.

## ARTICLE VIII

## OFFICERS

Section One: OFFICERS

The Officers of the Association shall be a President, a First Vice-President, a Second Vice-President, a Secretary, a Treasurer, and an Executive Director. There may also be one or more Assistant Secretaries and one or more Assistant Treasurers. Any two or more offices may be held by the same person, except the offices of President and Secretary.

Section Two: APPOINTMENT AND TERM OF OFFICE

The Officers shall be elected by the Board of Directors at the Annual meeting of the Board of Directors.

Section Three: PRESIDENT

The President shall be the principal executive officer of the Association and shall in general supervise and control all the affairs of the corporation. Except as otherwise provided herein, the President may enter into contracts and in general shall perform all duties and acts incident to the office without need of any explicit grant of an authority of the Board to so act. He shall execute, with the Secretary or any other proper officer of the corporation, all authorized deeds, mortgages, bonds, notes, contracts, or other instruments, except in cases where the signing and execution thereof shall be expressly delegated by the Board or by the By-laws or by Statute to some other officer or agent of the Corporation. The President shall employ and discharge and fix the compensation of all employees except for officers who compensation shall be determined by the Board of Directors. The Board of Directors may, at any time, remove the President with or without cause.

Section Four: SECRETARY

The Secretary shall keep the minutes of the meetings of the Board in one or more books provided for that purpose; see that all notices are duly given in accordance with the provisions of these By-laws or as required by law; be custodian of the corporate records and of the seal of the corporation; see that the seal of the corporation is affixed to all documents, the execution of which on behalf of the corporation under its seal, is duly authorized in accordance with the provisions of these By-laws; and in general, perform all the duties incident of the Office of Secretary and such other duties as the President may, from time to time, prescribe.

Section Five: TREASURER

The Treasurer shall have charge and custody of and be responsible for all funds and securities of the corporation; receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation in such banks, trust companies or other depositories as shall be selected in accordance with the provisions of these By-laws, and in general perform all the duties incident to the office of Treasurer and such other duties as, from time to time, may be assigned to him or her by the President.

Section Six: VICE-PRESIDENTS

The Vice-Presidents shall in the absence or disability of the President, perform the duties and exercise the powers of the President and shall perform such other duties and have such other powers as the President and the Board of Directors may, from time to time, prescribe.

Section Seven: CHIEF EXECUTIVE OFFICER OR EXECUTIVE DIRECTOR

The Chief Executive Officer or Executive Director shall be the principle staff operating officer of the Association. He or she shall devote full time and attention to the faithful performance of the duties assigned to him or her by the President or the Board of Directors.

Section Eight: RESIGNATION, REMOVAL AND VACANCIES

Any officer may resign by giving written notice to the Board or the Chairman. Any such resignation shall take effect upon its receipt by the Board or the Chairman as the case may be. Unless otherwise specified in the letter of resignation, the acceptance of such resignation shall not be necessary to make it effective. The Board of Directors may fill any office that is vacated by resignation, removal, death or other cause.

## ARTICLE VIIII

### CONTRACTS, CHECKS, DEPOSITS AND FUNDS

Section One: CONTRACTS

The Board or President may authorize any officer or officers, agent or agents of the corporation, in addition to the officers so authorized by these By-laws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation and such authority may be general or confined to specified instances.

Section Two: CHECKS, DRAFTS, ETC

All checks, drafts, other orders for payment of money, notes, or other evidence of indebtedness, issued in the name of the corporation, shall be signed by the President or any officer or employee designated by the President.

Section Three: DEPOSITS

All funds of the corporation shall be deposited from time to time to the credit of the corporation in such banks, trust companies, or other depositories as the President or Executive Director may select.

## ARTICLE X

### INDEMNIFICATION

The Association shall indemnify each of its Directors and Officers, whether or not then in office, (and his/her executor, administrator, and heirs), against all reasonable expenses actually and necessarily incurred by him/her in connection with the defense of any litigation to which he/she may have been made a party because he/she is or was a Director or Officer of the Corporation. No Director or Officer shall have a right to reimbursement, however, in relation to matters as to which he/she has been adjudged liable to the corporation for willful misconduct in the performance of his/her duties. The right to indemnity for expenses shall also apply to the expenses of suits which are compromised or settled.

## ARTICLE XI

### WAIVER OF NOTICE

Whenever any notice is required to be given under the provisions of the District of Columbia Non-profit Corporation Act, or under the provisions of the Articles of Incorporation or the By-laws of the Association, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein,

shall be deemed equivalent to the giving of such notice.

## ARTICLE XII

## RULES OF ORDER

The Rules contained in Roberts Rules of Order shall govern this Association in all cases to which they are applicable, including meetings of the membership and Board of Directors, if not inconsistent with By-laws or other special rules which may be adopted by this Association from time to time.

## ARTICLE XIII

## TAX EXEMPT STATUS

Section One:

The Association is organized as a non-profit corporation under the laws of the District of Columbia and is intended to operate as a tax exempt business pursuant to section 501 (c) (5) of the Internal Revenue Code of 1986 (or the corresponding provision of any subsequent Internal Revenue Law). No part of the net earnings of the Association shall inure to the benefit of any private shareholder, member, or individual.

Section Two:

In the event of dissolution of the Association, the assets of the Association shall, after appropriate provision for debts and liabilities of the Association, be distributed in any liquidation proceeding to a corporation, trust, or association which is not organized for profit and is exempt from Federal Income Taxation under the Internal Revenue Law applicable at the time of such dissolution.

## ARTICLE XIIII

## AMENDMENTS TO BY-LAWS

These By-laws may be amended or repealed, and new By-laws may be adopted by a vote of two-thirds (2/3) of the Directors at any meeting at which a quorum is present, if at least fifteen (15) days written notice is given of the intention to alter, amend, or repeal, or to adopt new By-laws at such meeting.

## ARTICLE XV

## GENERAL

Section One: FISCAL YEAR

The fiscal year of the corporation shall be on a calendar-year basis.

Section Two: FINANCIAL STATEMENT

The Corporation shall issue an annual statement of its finances as of the close of each fiscal year.

Duly adopted, as amended, by unanimous consent of the ACGA Board of Directors this sixth day of February 2004.

_____         _____
Secretary                                Chairman

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, do hereby certify that on April 9, 2007, I hand delivered and electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants, including:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon LLP
>P. O. Box 951
>Wilmington, DE 19899-0951

I further certify that on April 9, 2007, I have electronically mailed the documents to the following:

| | |
|---|---|
| Peter E. Moll, Esquire | Kenneth A. Letzler, Esquire |
| John J. Rosenthal, Esquire | Jonathan I. Gleklen, Esquire |
| Scott Flick, Esquire | Robert N. Weiner, Esquire |
| Howrey LLP | Arnold & Porter LLP |
| 1299 Pennsylvania Avenue, N.W. | 555 12th Street, N.W. |
| Washington, DC 20004 | Washington, DC 20004 |
| mollp@howrey.com | kenneth.letzler@aporter.com |
| rosenthalj@howrey.com | jonathan.gleklen@aporter.com |
| flicks@howrey.com | robert.weiner@aporter.com |

>/s/ Jeffrey S. Goddess
>Jeffrey S. Goddess (Del. Bar No. 630)
>ROSENTHAL, MONHAIT & GODDESS, P.A.
>(302) 656-4433
>jgoddess@rmgglaw.com